UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL DEFRANCE WILLIAMS,

        Plaintiff,

v.                                      Case No: 16-14237

BILL SCHUETTE, et al.,

        Defendants.
                                /

**ORDER OF PARTIAL DISMISSAL AND DIRECTING
PLAINTIFF TO FURNISH COPIES OF COMPLAINT**

**I. BACKGROUND**

This is a *pro se* prisoner civil rights case. Michigan state prisoner Donnell DeFrance Williams is a state prisoner incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. He asserts claims under 42 U.S.C. § 1983. Plaintiff names forty-seven Defendants. He alleges that the Defendants have retaliated against him for filing grievances by denying him access to legal documents, destroying legal documents, denying him a previously assigned prison job, denying him due process for his grievances, filing false misconduct charges, placing him in segregation, and threatening him with physical harm. He seeks monetary relief. The court will dismiss Defendants Scheutte, Heyns, Washington, Palette, Paterson, Van Hoek, Berghuis, Rodrick, Flynn, Dobe, and Burt, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff fails to state a claim upon which relief may be granted against them.

**II. STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short

and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

To state a federal civil rights claim, a plaintiff must allege that: (1) she was

2

deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III. DISCUSSION

#### A. Defendants Scheutte, Heyns, Washington, Berghuis, and Burt

Plaintiff's allegations against Defendants Scheutte, Heyns, Washington, Berghuis, and Burt are based upon their supervisory authority. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, 98 S. Ct. 2018 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982); *see also Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) ("[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.") (internal quotation marks omitted). In this case, Plaintiff fails to allege any specific conduct by these Defendants that would support a finding that they directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. They will be dismissed

from this action.

### B. Defendants Palette, Paterson, and Van Hoek

The nature of Plaintiff's claims against Defendants Palette, Paterson, and Van Hoek is difficult to discern. These Defendants are attorneys who apparently represented Petitioner in his state court criminal proceedings. Plaintiff seems to challenge the adequacy of their representation during the criminal proceedings.

One of the essential elements of a claim under 42 U.S.C. § 1983 is that the conduct complained of was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). To be a "state actor," a party's actions must be "'fairly attributable to the state.'" *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995), *quoting Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937 (1982). Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant. *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, these Defendants were not acting under color of state law in representing Plaintiff in his criminal proceedings.

### C. Defendants Ingram, Rodrick, Flynn, and Dobe

Defendant Ingram was Plaintiff's parole officer at the time of the offenses for which he is currently incarcerated and testified against him at his criminal trial. Plaintiff argues that Ingram told Defendants Rodrick, Flynn and Dobe to harass Plaintiff during his incarceration because Plaintiff shot a four-year-old girl. Plaintiff claims that, as a result, Rodrick, Flynn, and Dobe subjected him to daily shakedowns of his cell.

In order to set forth a First Amendment retaliation claim, Plaintiff must establish

that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff's shooting of a four-year old girl is not protected conduct. Plaintiff fails to state a claim for retaliation against Defendants Ingram, Rodrick, Flynn, and Dobe.

### D. Service of Complaint

The Court determines that service of the complaint is appropriate on the remaining Defendants. However, the Court may not, at this time, direct service of the one-hundred-and-ten-page complaint upon the remaining Defendants because Plaintiff has failed to furnish the Court a sufficient number of copies for service. *See* Fed R. Civ. P. 4(c)(1) ("The plaintiff . . . shall furnish the person effecting service with the necessary copies of the . . . complaint"). Therefore, the court will order that Plaintiff supply the court with thirty-five copies of his complaint within thirty days from entry of this order. Failure to submit the required copies may result in the dismissal of the complaint.

### IV. CONCLUSION

IT IS ORDERED that Plaintiff's claims against Defendants Scheutte, Heyns, Washington, Palette, Paterson, Van Hoek, Berghuis, Ingram, Rodrick, Flynn, Dobe, and Burt, and they are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff supply the court with thirty-five paper copies of his complaint by **April 21, 2017.**

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 22, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 22, 2017, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\16-14237.WILLIAMS.crpartialdismissal.mbc.bss.wpd