**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DONNELL DEFRANCE WILLIAMS,

        Plaintiff,

v.                                                          Case No. 16-14237

BILL SCHUETTE, et al.,

        Defendants.

                                       /

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Donnell DeFrance Williams filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The complaint named forty-seven defendants. The court summarily dismissed defendants Schuette, Heyns, Washington, Palette, Paterson, Van Hoek, Berghuis, Rodrick, Flynn, Dobe, and Burt, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff failed to state a claim upon which relief may be granted against these Defendants, and directed Plaintiff to provide 35 service copies of the complaint by April 21, 2017. (*See* Dkt. #6.) On April 21, 2017, the court received an unnotarized affidavit from Plaintiff responding to the court's order. Plaintiff states in his affidavit that he lacks funds in his institutional account to make the necessary copies of the complaint and that the prison librarians therefore will not make the copies.

Under Federal Rule of Civil Procedure 4(c)(3), if a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the court must order a United States marshal or deputy marshal to serve the complaint. Even so, "[t]he plaintiff . . . must furnish the necessary copies to the person who makes service." Fed. R. Civ. P.

4(c)(1).

Plaintiff was granted leave to proceed *in forma pauperis* under § 1915, but failed to comply with the court's order to submit copies of his complaint for service on the Defendants. As noted above, he claims that he lacks the necessary funds to make copies of his complaint. The Michigan Department of Corrections ("MDOC"), however, has a policy directive which permits the MDOC to provide indigent prisoners with copies of court documents. The policy directive reads in relevant part:

> M. Prisoners shall be provided photocopying services . . . to obtain copies of documents in their possession, . . . which are necessary for the prisoner to file with a court or serve on a party to a lawsuit. Prisoners shall use the Legal Photocopy Disbursement Authorization form (CSJ-602) to request photocopying; the forms shall be available to prisoners in the housing unit and institutional law libraries. A fee of 10 cents shall be charged for each page copied.
>
> N. Prisoners who lack sufficient funds to pay for copies of documents in their possession, ... which are necessary for the prisoner to file with the court or serve on a party to a lawsuit shall be loaned funds to pay for the copying.
>
> . . .
>
> O. A prisoner may be required to present documentation (e.g., court rule, copy of the pleading) to show that requested copies are necessary. . . . If a loan is approved, it shall be considered an institutional debt and collected as set forth in PD 04.02.105 "Prisoner Funds."

Michigan Department of Corrections, Policy Directive 05.03.116, page 3 (effective Oct. 17, 2014).

In light of this policy directive, Plaintiff should have been able to acquire copies of his complaint and mail them to the court. Other than his own unnotorized affidavit, he provides no evidence that he sought to obtain copies in compliance with prison

2

procedures. The Court will dismiss the complaint without prejudice for failure to comply with a court order. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-33 (1962); *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004).

IT IS ORDERED that Plaintiff's complaint (Dkt. #1) is DISMISSED without prejudice.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: June 30, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2017, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (810) 292-6522